# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOHN DOE,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　**Case No. 4:22cv241-AW-MAF**

**FLORIDA DEPARTMENT OF LAW ENFORCEMENT,**

    **Defendant.**
_____/

# **O R D E R**

This case was initiated by a pro se Plaintiff. Plaintiff has requested permission to proceed in this case by the use of a pseudonym, John Doe. ECF No. 4. Filed simultaneously with that request is Plaintiff's complaint, ECF No. 1, civil cover sheet, ECF No. 2, and motion for leave to proceed in forma pauperis, ECF No. 3. All of these documents have been reviewed.

First things first. Plaintiff's in forma pauperis motion demonstrates he is not incarcerated, receives SSA disability, and lacks the resources to pay the filing fee. ECF No. 3. Good cause having been shown, the motion is granted.

Page 2 of 7

Plaintiff's request to proceed as a "John Doe" plaintiff is based on an asserted "nature of privacy." ECF No. 4. Plaintiff contends that this "case involves record keeping that is to be expunged," but he provides no further argument as for the need to proceed anonymously.

Plaintiff's complaint has also been reviewed.[1] ECF No. 1. Essentially, Plaintiff complains that he was wrongfully arrested by the Broward County Sheriff's Department, not advised of the charges, not read his Miranda Rights, and was told he was "being detained" when, in fact, he was arrested, harassed, and suffered retaliation. *Id.* at 1-2. Ultimately, the "charges were dropped," and Plaintiff filed a request with the Defendant, FDLE, to have an "automatic expunction" of the arrest record. *Id.* at 3-4. Plaintiff alleges that his constitutional rights have been violated by FDLE by requiring that Plaintiff "file, process, and complete" certain forms and pay a fee to expunge the "false arrest" and "series of illegal preceedings [sic]." *Id.* at 3.

---

[1] Notably, Plaintiff's complaint lists his name as John Doe. ECF No. 1 at 1. Plaintiff signed the complaint in his legal name. *Id.* at 6. Documents attached to the complaint also include Plaintiff's name. *Id.* at 7-63. Plaintiff's in forma pauperis motion listed John Doe in the case caption, but otherwise provided Plaintiff's name. ECF No. 3.

Case No. 4:22cv241-AW-MAF

"Federal Rule of Civil Procedure 10(a) requires that 'every pleading' in federal court 'must name all the parties.'" Fed. R. Civ. P. 10(a) (quoted in Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020). "Although this creates a 'strong presumption in favor of parties proceeding in their own names ... the rule is not absolute.'" Neverson, 820 F. App'x at 986 (quoting Plaintiff B v. Francis, 631 F.3d 1310, 1315 (11th Cir. 2011)). In considering Plaintiff's request to proceed anonymously in this case, his privacy right must be weighed against "the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Plaintiff B, 631 F.3d at 1315-16 (citations omitted).

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

Doe v. Frank, 951 F.2d 320, 324 (11th Cir. 1992). The Court must consider the "totality-of-the-circumstances" in resolving this request. In re Chiquita Brands Int'l Inc., 965 F.3d 1238, 1247, n.5 (11th Cir. 2020).

> The Eleventh Circuit Court of Appeals has identified several factors that may be considered in this evaluation: (1) whether plaintiffs seeking anonymity are challenging governmental

> activity; (2) whether they will be required to disclose information of the utmost intimacy; (3) whether plaintiffs will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; (4) whether the plaintiffs were minors; (5) whether they were threatened with violence or physical harm by proceeding in their own names and; (6) whether their anonymity posed a unique threat of fundamental unfairness to the defendant.

Doe v. Garland, 341 F.R.D. 116, 117–18 (S.D. Ga. 2021) (citing to Francis, 631 F.3d at 1316). Other considerations include whether the plaintiff is a minor, whether he or she has been threatened with violence or physical harm, or whether the disclosure of a person's name would pose "a unique threat of fundamental unfairness." Francis, 631 F.3d at 1316; Neverson, 820 F. App'x at 986-87. In general, anonymity requests based on privacy interests are generally granted in cases that involve "abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases." Doe v. Family Dollar Stores, Inc., No. 1:07-cv-1262, 2007 WL 9706836, at *2 (N.D. Ga. Oct. 17, 2007) (quotation omitted) (quoted in Garland, 341 F.R.D. at 117). The reason is based on "the social stigma attached to the plaintiff's disclosure" which sufficiently overcomes "the presumption of openness in court proceedings." Neverson, 820 F. App'x at 988 (quoting Frank, 951 F.2d at 324).

In this case, Plaintiff's privacy interest is not based on any of the previously recognized issues.  This case concerns an arrest and request for expungement.  The fact of one's arrest two years ago is already a matter of public information.  *See* ECF No. 1 at 15.  Plaintiff is not a minor, but an adult.  *Id.*  It appears that a criminal complaint was filed against Plaintiff in the Eighteenth Judicial Circuit, in and for Brevard County, Florida.  ECF No. 1 at 59.  Thus, Plaintiff was arrested and had a felony charge brought against him, although the State filed a "Notice of No Information" in that case.  *Id.*  In this situation, Plaintiff is attempting to proceed anonymously in this Court, although the underlying matters have been already readily accessible public information for two years.  Although Plaintiff is seeking to challenge a governmental activity, the use of Plaintiff's legal name does not "disclose information of the utmost intimacy." Further, Plaintiff will not be required to admit illegal conduct which could subject him to another criminal prosecution, nor has Plaintiff shown that he is threatened with violence or physical harm.

It would not be fundamentally unfair to Plaintiff to be required to prosecute this case in his legal name.  Plaintiff's privacy concerns about being arrested does not override the "customary practice of disclosing the"

parties' identities. <u>Doe v. Sheely</u>, 781 F. App'x 972, 973 (11th Cir. 2019). The Eleventh Circuit has repeatedly said that "'personal embarrassment' alone is not enough for leave to proceed anonymously." <u>Frank</u>, 951 F.2d at 324 (quoted in <u>Sheely</u>, 781 F. App'x at 974). Plaintiff has presented nothing more and his request for leave to proceed with a pseudonym is denied.

Plaintiff is advised that to go forward in this case, he must file an "amended complaint" in his legal name no later than **August 15, 2022**. The amended complaint must be filed on the form used in this Court which will better guide the organization of the complaint. Plaintiff is reminded that all factual allegations must be set forth in short, numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b). In the alternative, given this ruling, if Plaintiff no longer desires to continue this case, Plaintiff must file a notice of voluntary dismissal by the same deadline.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, is **GRANTED**. Plaintiff is not required to pay the filing fee for this case.

2. Plaintiff's motion to proceed with a pseudonym, ECF No. 4, is **DENIED**.

3. The Clerk of Court shall provide Plaintiff with a civil rights complaint for use by non-prisoners.

4. Plaintiff shall have until **August 15, 2022**, in which to file an amended complaint, on the court form, which must include Plaintiff's true legal name in the case caption.

5. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

6. The Clerk of Court shall return this file upon receipt of Plaintiff's amended complaint, or no later than August 15, 2022.

**DONE AND ORDERED** on July 15, 2022.

                                 S/   Martin A. Fitzpatrick
                                 **MARTIN A. FITZPATRICK**
                                 **UNITED STATES MAGISTRATE JUDGE**